[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
Before the court is the motion for summary judgment of the defendant, Hudson United Bank (Hudson), against the plaintiffs, Wachtel, Duklauer 
Fein, Inc. (WDF), JWP Inc. and Sentinel/WDF, a joint venture. The second revised complaint alleges the following facts. In 1991, WDF and Sentinel entered into a joint venture for the purpose of contracting to dismantle an ammonia plant located in Mississippi. Shortly thereafter, the two parties opened a business checking account with Lafayette American National Bank, now Hudson United Bank. The plaintiffs allege that an officer of Sentinel withdrew funds from the account without authorization. The plaintiffs further allege that Hudson permitted the withdraw of these funds improperly and claims breach of contract, violation of Uniform Commercial Code, breach of duty, breach of duty to third party beneficiary, unjust enrichment, conversion, negligence, and violation of the Connecticut Unfair Trade Practices Act.
"[Summary] judgment . . . shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Although Hudson fails to state clearly those counts to which it addresses its motion for summary judgment, for the purpose of this memorandum it is presumed the motion is against the plaintiffs' counts four through CT Page 2314 eleven, which are directed at Lafayette American National Bank, Hudson's predecessor.
Hudson argues several grounds in support of its motion for summary judgment. Some of these are the same or similar to grounds that Hudson argued in its motion to strike dated March 17, 1998, including: the Uniform Commercial Code does not apply to unauthorized telephone transfers; the plaintiffs do not have standing to bring this action; the plaintiffs are not third party beneficiaries to the bank account in question; and, the plaintiffs ratified the unauthorized transactions. In its memorandum of decision on the defendant's motion to strike, the court denied the motion on these grounds noting that they present issues of material fact which are best left to a jury. Wachtel, Duklauer Fein,Inc. v. Sentinel, Superior Court, judicial district of Ansonia-Milford at Milford, Docket. No. 048307 (November 2, 1999, Arnold, J.). This court adopts the same reasoning.
Hudson also moves for summary judgment on the grounds that the plaintiffs engaged in a continuing course of conduct and are estopped from making a claim for alleged improper transactions, the plaintiffs were negligent in failing to report the alleged unauthorized bank transfers in a timely manner, and the plaintiffs expressly permitted a situation in which the alleged improper transactions could occur. On a motion for summary judgment, "[t]he movant must show that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Miller v. United Technologies Corp.,233 Conn. 732, 751-52, 660 A.2d 810 (1995). Hudson does not offer conclusive proof as to any of the above arguments and the court would be required to make factual determinations which are inappropriate on a motion for summary judgment.
Hudson next argues that the contract between the parties required the plaintiffs to notify Hudson within sixty days of receipt of the plaintiffs' monthly bank statement and moves for summary judgment on the ground that the plaintiffs failed to do so. This argument is irrelevant because the contract at issue, the deposit account agreement, was effective on October 1, 1992, while the alleged improper transactions occurred in February and March, 1992.
Hudson's final ground upon which it moves for summary judgment is that the plaintiffs' claims are barred by the time limitation imposed by General Statutes § 42a-4-406 (4). This subsection no longer exists. General Statutes § 42a-4-406 (d) is most relevant to the present case and requires that the bank customer notify the bank, within thirty days, of an unauthorized payment by the bank. The next subsection, however, CT Page 2315 states: "If the customer proves that the bank did not pay the item in good faith, the preclusion under subsection (d) does not apply." General Statutes § 42a-4-406 (e). In the affidavit in support of its objection to the motion for summary judgment, the plaintiffs provide facts consistent with allegations in the complaint that Hudson intentionally allowed the improper transfers knowing that a portion of the transfers would be used to pay off pre-existing debts owed to Hudson. "The party seeking summary judgment has the burden of showing the absence of any genuine issue of material facts . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Brackets omitted; citations omitted.) Miles v. Foley, 253 Conn. 381,386, 752 A.2d 503 (2000). The court finds that the plaintiffs have sufficiently raised a genuine issue of material fact as to whether their claim should be precluded by General Statutes General Statutes §42a-4-406.
Finally, this court is not inclined to grant a motion for summary judgment in cases such as this one which have numerous parties and are laden with facts. Summary judgment is "ill adapted to cases of a complex nature . . . which often need the full exploration of trial." United OilCo. v. Urban Redevelopment Commission, 158 Conn. 364, 375, 260 A.2d 596
(1969). For the above reasons, the court denies the defendant Hudson's motion for summary judgment.
The Court
By ___________ Grogins, J.